MOUNTAINEER COAL DEVELOP-
MENT COMPANY, INCORPORAT-
ED; West Virginia CWP Fund, Peti-
tioners,

v.

Larry A. DINGESS; Director, Office of
Workers' Compensation Programs,
United States Department of Labor,
Respondents.

No. 12–2570.

United States Court of Appeals,
Fourth Circuit.

Submitted: July 31, 2013.

Decided: Aug. 30, 2013.

Mark J. Grigoraci, Robinson & McElwee
PLLC, Charleston, West Virginia, for Peti-
tioners. Otis R. Mann, Jr., Law Office of
Otis R. Mann, Jr., Charleston, West Virgi-
nia; M. Patricia Smith, Solicitor of Labor,
Rae Ellen James, Deputy Solicitor, Gary
K. Stearman, Helen H. Cox, United States
Department of Labor, Washington, D.C.,
for Respondents.

Before NIEMEYER, KEENAN, and
WYNN, Circuit Judges.

Petition denied by unpublished PER
CURIAM opinion.

Unpublished opinions are not binding
precedent in this circuit.

PER CURIAM:

Mountaineer Coal Development Compa-
ny ("Employer") petitions for review of the
Benefits Review Board's ("Board") deci-
sion and order affirming the Administra-
tive Law Judge's ("ALJ") award of bene-
fits to Larry A. Dingess under the Black
Lung Benefits Act ("Act"), 30 U.S.C.A.
§§ 901–945 (West 2007 & Supp.2013). We
deny the petition for review.

We review the Board's and the ALJ's
legal conclusions de novo and "indepen-
dent[ly] review ... the record to deter-
mine whether the ALJ's findings of fact
were supported by substantial evidence."
*Island Creek Coal Co. v. Compton,* 211
F.3d 203, 207–08 (4th Cir.2000) (internal
quotation marks omitted). " 'Substantial
evidence is more than a mere scintilla'; it
is 'such relevant evidence as a reasonable
mind might accept as adequate to support
a conclusion.' " *Id.* (quoting *Consol. Edison
Co. v. NLRB,* 305 U.S. 197, 229, 59 S.Ct.
206, 83 L.Ed. 126 (1938)). In conducting
this review, we confine ourselves to the
grounds on which the Board based its
decision. *Daniels Co. v. Mitchell,* 479
F.3d 321, 329 (4th Cir.2007).

Subject to the substantial evidence re-
quirement, we defer to the ALJ's credibili-
ty determinations and "evaluation of the
proper weight to accord conflicting medical
opinions." *Harman Mining Co. v. Dir.,
Office of Workers' Comp. Programs,* 678
F.3d 305, 310 (4th Cir.2012) (internal quo-
tation marks omitted). The ALJ is not
bound to accept any medical expert opin-
ion but "must evaluate the evidence, weigh
it, and draw his own conclusions," giving
consideration to "the qualifications of the
experts, the opinions' reasoning, their reli-
ance on objectively determinable symp-
toms and established science, their detail
of analysis, and their freedom from irrele-
vant distractions and prejudices." *Under-
wood v. Elkay Mining, Inc.,* 105 F.3d 946,
949, 951 (4th Cir.1997), *superseded on oth-
er grounds as stated in Elm Grove Coal
Co. v. Dir., Office of Workers' Comp. Pro-
grams,* 480 F.3d 278, 287 (4th Cir.2007).

Because Dingess was employed in un-
derground coal mines for fifteen or more

years, had at least one chest x-ray interpreted as negative for complicated pneumoconiosis, and demonstrated that he has a totally disabling pulmonary impairment, he is entitled to a rebuttable presumption that he is totally disabled due to pneumoconiosis.* *See* 30 U.S.C.A. § 921(c)(4); 20 C.F.R. § 718.305(a) (2013). The burden then shifted to Employer to affirmatively "rebut such presumption only by establishing that (A) such miner does not ... have pneumoconiosis, or that (B) his respiratory or pulmonary impairment did not arise out of, or in connection with, employment in a coal mine." 30 U.S.C.A. § 921(c)(4); *see* 20 C.F.R. § 718.305(a); *Morrison v. Tenn. Consol. Coal Co.*, 644 F.3d 473, 479–80 (6th Cir.2011). Upon review of the evidence submitted in this case, we conclude that substantial evidence supports the ALJ's

finding that Employer failed to affirmatively rebut the presumption. *See* 20 C.F.R. § 718.201(a)(2); *Harman Mining Co.*, 678 F.3d at 311. Thus, the ALJ did not err in awarding benefits under the Act.

Accordingly, we deny Employer's petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED.*

---

* This presumption was restored by the Patient Protection and Affordable Care Act, Pub. L. No. 111–148, § 1556, 124 Stat. 119, 260 (2010).